UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL STALLER,

    Plaintiff,

v.                                                     Case No: 8:19-cv-2089-KKM-JSS

CIRCLE K STORES INC. and
JOSEPH P. D'AMBROSIO,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Order Requiring Production of Documents and Materials Claimed by Defendant to be Protected by Work Product Privilege ("Motion") (Dkt. 34) and Defendant Circle K Stores Inc.'s response in opposition (Dkt. 41). On April 20, 2021, the Court conducted a hearing on the Motion. Following the hearing, Defendant furnished its claims investigation file to the Court for in camera inspection. Upon consideration and for the reasons stated below, the Motion is denied.

## BACKGROUND

In this negligence action, Plaintiff sues Circle K to recover for injuries he sustained when he suffered an electric shock while attempting to repair an air conditioning unit above the walk-in cooler at a Circle K. (Dkt. 1-1.) Plaintiff alleges that a pump was improperly installed to remove water from the air handler's overflowing drain pan. (Dkt. 1-1 ¶ 7.) When Plaintiff touched the water, he suffered

an electric shock and was knocked unconscious. (*Id.*) Defendant asserts in part that Plaintiff's injuries were due to his own negligence. (Dkt. 1-6 at 2.)

On October 22, 2020, the Court entered its Second Amended Case Management and Scheduling Order. (Dkt. 32.) The Scheduling Order established a January 29, 2021 discovery deadline and a February 10, 2021 dispositive motion deadline. (Dkt. 32 at 1.) The case is currently on the Court's August 2021 trial calendar. (Dkt. 32 at 2.)

## APPLICABLE STANDARDS

A party, "[o]n notice to other parties and all affected persons," may move to compel discovery. Fed. R. Civ. P. 37(a)(1). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." *Id.* at 37(a)(4). Courts maintain great discretion to regulate discovery. *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). The court has broad discretion to compel or deny discovery. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011).

Through discovery, parties may obtain materials that are within the scope of discovery, meaning they are nonprivileged, relevant to any party's claim or defense, and "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The term "relevant" is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Courts consider the following factors when evaluating whether requested discovery is

proportional to the needs of the case: (1) "the importance of the issues at stake in the action," (2) "the amount in controversy," (3) the parties' relative access to relevant information," (4) "the parties' resources," (5) "the importance of the discovery in resolving the issues," and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Under the work product doctrine, documents and other "tangible things" are not discoverable by a party when they were "prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." *Id.* at 26(b)(3)(A). These protected materials may be discovered, however, if "they are otherwise discoverable under Rule 26(b)(1)" and the party seeking production "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." *Id.*

## ANALYSIS

Plaintiff seeks an order compelling Defendant to produce documents and interrogatory responses regarding the junction box and water pump that were installed near the malfunctioning air conditioning unit in Defendant's walk-in cooler. Request No. 3 of Plaintiff's First Request for Production seeks documents regarding the pump. (Dkt. 34 at 3.) Request No. 4 of Plaintiff's First Request for Production seeks documents regarding the junction box. (Dkt. 34 at 4–5.) Request No. 6 seeks incident reports and other memoranda regarding the incident that is the subject of the lawsuit. (Dkt. 34 at 5.) Similarly, Interrogatory No. 2 asks that Defendant identify various

information regarding the pump, including who installed it and who removed it. (Dkt. 34 at 6–7.) Interrogatory No. 3 seeks similar information regarding the junction box. (Dkt. 34 at 7.) Request No. 3 of Plaintiff's Second Request for Production seeks any documents regarding the removal of the pump on or after August 15, 2018. (Dkt. 34 at 8.) Request No. 4 seeks documents regarding servicing of the junction box on or after August 15, 2018. (Dkt. 34 at 8–9.) Plaintiff asserts that Defendant's claims investigation file and incident report are responsive to the discovery requests at issue and therefore seeks an order compelling Defendant to produce these documents. (Dkt. 34 at 10.)

Defendant responds in part that it does not know who installed the water pump or serviced the junction box. (Dkt. 41 at 3.) Defendant further argues that its claims investigation file constitutes work product because it was prepared in anticipation of litigation. In addition, since the hearing on the Motion, Defendant states that it produced to Plaintiff the incident report that was in part the subject of Plaintiff's Motion.

The work-product doctrine, included in Federal Rule of Civil Procedure 26(b)(3), encompasses a two-tiered approach to work product in which "fact work product" and "opinion work product" are afforded different levels of protection. Fed. R. Civ. P. 26(b)(3). In distinguishing between fact work product and opinion work product, Rule 26(b)(3) makes a distinction between materials prepared in anticipation of litigation and materials that reflect an attorney or party representative's mental process. *Hickman*, 329 U.S. at 510. Specifically, fact work product, also known as

"ordinary" work product, includes "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). Fact work product is subject to qualified protection and may be discoverable upon a showing of substantial need and an inability to obtain the substantial equivalent of the materials by other means without undue hardship. Fed. R. Civ. P. 26(b)(3)(A)(ii); *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir. 1994). In contrast, opinion work product encompasses material that reflects the "mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B); *Cox*, 17 F.3d at 1422. As such, "opinion work product enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances." *Cox*, 17 F.3d at 1422 (internal quotation omitted).

Here, the Court finds Defendant's responses to Interrogatories Nos. 2 and 3 sufficient based on Defendant's lack of knowledge regarding who installed the water pump and junction box at issue. *See, e.g.*, *Askew v. Crosby*, No. 4:13CV566-WS/CAS, 2017 WL 11543674, at *1 (N.D. Fla. Feb. 7, 2017) (finding defendant's response of "without knowledge" was sufficient and that plaintiff's "dissatisfaction with the answer is not sufficient basis to challenge the answer").

Regarding Plaintiff's request for an order directing Defendant to furnish its incident report, this issue is now moot. Defendant's counsel represents to the Court that she has produced the incident report to Plaintiff. To the extent Plaintiff seeks an order directing production of the incident report, Plaintiff's Motion is denied as moot.

Lastly, Defendant asserts that its claims file is not subject to discovery because it constitutes work product, having been prepared in anticipation of litigation. Defendant furnished a privilege log to support its assertion of work product privilege. (Dkt. 34-7.) After the hearing on the Motion, Defendant furnished its claims file to the Court for *in camera* review. The Court finds that Defendant has satisfied its burden of demonstrating that the primary purpose behind the creation of the claims file was the threat of litigation by Plaintiff. The Court's in camera review of the documents supports this finding.

Because the work-product doctrine shields the documents from production, Plaintiff must demonstrate the substantial need and the undue hardship necessary for discovery of work product. Fed. R. Civ. P. 26(b)(3). Plaintiff has not met this burden. Plaintiff has not shown that the claims file is "otherwise discoverable under Rule 26(b)(1)" and that he has a "substantial need for the materials to prepare [his] case and cannot, without undue hardship, obtain their substantial equivalent by other means." *See* Fed. R. Civ. P. 26(b)(3).

Accordingly, it is **ORDERED** that Plaintiff's Motion for Order Requiring Production of Documents and Materials Claimed by Defendant to be Protected by Work Product Privilege (Dkt. 34) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, on May 5, 2021.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record