UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL STALLER,

    Plaintiff,

v.                                                          Case No: 8:19-cv-2089-JSS

CIRCLE K STORES INC.

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on Defendant's Motion in Limine (Dkt. 62), Plaintiff's Response in Opposition (Dkt. 67), Plaintiff's Motion in Limine (Dkt. 63), and Defendant's Response in Opposition (Dkt. 68). On October 25, 2021, the Court held a pretrial conference, at which the motions in limine were discussed. For the reasons discussed at the hearing and set forth below, Defendant's Motion in Limine (Dkt. 62) is granted in part, and Plaintiff's Motion in Limine (Dkt. 63) is granted in part.

## BACKGROUND

In this negligence action, Plaintiff, Michael Staller, sues Circle K Stores, Inc. to recover for injuries he sustained when he allegedly suffered an electric shock while attempting to repair an air conditioning unit above the walk-in cooler at a Circle K store. (Dkt. 1-1.) Plaintiff alleges that a pump was improperly installed to remove water from the air handler's overflowing drain pan. (Dkt. 1-1 ¶ 7.) When Plaintiff

touched the water, he contends he suffered an electric shock and became unconscious. (*Id.*) Defendant asserts in part that Plaintiff's injuries were due to his own negligence. (Dkt. 1-6 at 2.) The case is set for trial beginning November 1, 2021. In the motions, the parties seek to exclude certain evidence at trial.

## DISCUSSION

### A. Defendant's Motion in Limine

Defendant moves to exclude six categories of evidence or argument that may be presented at trial. (Dkt. 62 at 1–3.) Specifically, Defendant moves the Court to exclude: 1) any evidence or testimony regarding the size of Defendant, a foreign corporation, Defendant's financial well-being, finances or net worth; 2) any evidence of any other lawsuits against Defendant; 3) any evidence or testimony concerning the fact Defendant has liability insurance for Plaintiff's claim; 4) any questions to employees of Defendant which solicit opinions regarding the ultimate issue in the case, namely whether a dangerous condition existed and whether Plaintiff suffered an electrical shock; 5) any statements or comments from Plaintiff's counsel challenging defense counsel to explain to the jury why they did not call certain witnesses, or why deposed witnesses or the Defendant were not at trial, or making other references to matters outside the record; and 6) any opinions by Plaintiff's experts that go beyond the scope of the expert's written report. (*Id.*) In response, Plaintiff notes his general agreement with items 1, 3, and 6, and raises various objections to items 2, 4, and 5. (Dkt. 67.)

During the hearing on Defendant's Motion in Limine, Defendant asserted that the parties had agreed that the Court would revisit the admissibility of items 1, 2, and 3 during trial, if warranted. As to items 4 and 5, Plaintiff argued that it would be premature for the Court to exclude these items since "Defendant's motion deals in generalities as opposed to specifics." (*Id.* at 1.) Notwithstanding, in light of the parties' agreement and the arguments raised at the hearing, Defendant's Motion in Limine is granted in part. As such, Plaintiff is precluded from mentioning in the presence of the jury or attempting to introduce any of the evidence described in items 1, 2, 3, 4, and 5, without first approaching the Court and obtaining a ruling on the admissibility of the evidence.

As to item 6, although it appeared that the parties had agreed on this issue (*Id.* at 4), Defendant asserted at the hearing that a new issue arose after the instant motion was filed. Indeed, Defendant informed the Court that Plaintiff had recently notified Defendant of his intention to use a demonstrative aid in conjunction with his expert's testimony. In response, Plaintiff agreed to make its expert available for deposition prior to trial. Accordingly, the Court reserves ruling on Plaintiff's use of the demonstrative aid until the record has been more fully developed. As such, Defendant's Motion in Limine is granted in part.

### B. Plaintiff's Motion in Limine

Plaintiff moves to exclude eight categories of evidence or argument that may be presented at trial. (Dkt. 63 at 1–8.) Specifically, Plaintiff seeks to exclude: 1) the opinion of Defendant's expert, George E. Page, B.S., that there is no proof that the

Plaintiff sustained any electrical shock injury on the day of the incident; 2) Mr. Page's opinions that are premised on the grounds that "there is no proof"; 3) employee warning notices received by the Plaintiff from Lighting Air Services, Inc.; 4) any mention of Plaintiff's prior Baker Act confinement and the circumstances surrounding that confinement; 5) any mention of Plaintiff's Marchman Act confinement and the circumstances surrounding that confinement; 6) any mention of Plaintiff's use and history of cocaine substance abuse; 7) the introduction of the following three documents in their entirety, the National Electric Code 2017, Wikipedia Article on Electrical Resistivity and Conductivity, and APS Water Services Chart; and 8) any mention of Plaintiff's past criminal conviction. (*Id.*)

At the outset of the hearing on Plaintiff's Motion in Limine, Defendant confirmed that it did not object to items 4, 5, 6, 7, and 8. Plaintiff's Motion in Limine is therefore granted as to items 4, 5, 6, 7, and 8. Items 1, 2, and 3, which remained unresolved, were addressed at the hearing.

### 1. Limitation of Defendant's Expert's Testimony Concerning Plaintiff's Medical Diagnosis

Plaintiff seeks to exclude Defendant's expert, Mr. Page, from offering the opinion that "there is no proof that Mr. Staller sustained any electric shock injury on the date of the incident. Emergency room records show him diagnosed on only as having a concussion and suffering from post-concussive syndrome, not electrical shock injury." (*Id.* at 1.) Plaintiff first contends that Mr. Page is not qualified to testify to such an opinion since he is not a physician or any other type of medical expert. (*Id.* at

2.) Second, Plaintiff contends that this opinion "invades the province of the jury" and that it is up to the jury "to determine the matter of proof and the sufficiency of the proof." (*Id.*)

In response, Defendant contends that "Mr. Page is not rendering an opinion as to these medical findings," but rather, "reiterat[ing] that the diagnosis did not include electrical shock." (Dkt. 68 at 3.) Defendant contends that Mr. Page's "restatement of the medical records lays a foundation for his opinions." (*Id.* at 4.) In further support of its contention, Defendant cites to Federal Rule of Evidence 703 and asserts that because Mr. Page relied "on this admissible medical record to support his opinions in this case," he should be able to express this opinion. (*Id.* at 3.)

Pursuant to Federal Rule of Evidence 702, a witness who is qualified as an expert may testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The court acts as a gatekeeper to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579, 589 (1993). This gatekeeping obligation "applies to all expert testimony," not just scientific testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).

In determining the admissibility of expert testimony under Rule 702, courts must conduct a three-part inquiry considering whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1107 (11th Cir. 2005) (quoting *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004)); *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1257 (11th Cir. 2002). In other words, the proponent of the testimony must "demonstrate that the witness is qualified to testify competently, that his opinions are based on sound methodology, and that his testimony will be helpful to the trier of fact." *Tessier*, 402 F.3d at 1107. Importantly, the witness must be "qualified to testify competently regarding the matters he intends to address." *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291 (11th Cir. 2005).

The district court has broad discretion in determining whether to admit or exclude expert testimony, and its decision will be disturbed on appeal only if it is manifestly erroneous. *Evans v. Mathis Funeral Home, Inc.*, 996 F.2d 266, 268 (11th Cir. 1993). There is no "definitive checklist" for courts to consider or a "test" to conduct. *Daubert*, 509 U.S. at 593. Instead, a court's consideration "depend[] upon the particular circumstances of the particular case at issue." *Kumho Tire Co.*, 526 U.S. at 152 ("[W]e conclude that the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is

reliable. That is to say, a trial court should consider the specific factors identified in *Daubert* where they are reasonable measures of the reliability of expert testimony."). Moreover, under Federal Rule of Evidence 703, "[a]n expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed." As such, "the facts or data on which an expert forms his opinion need not be admissible for his opinion to be admitted as long as these facts and data are of the type that experts in his field normally rely on in forming an opinion on the subject at hand." *V.C. v. Evenflo Co., Inc.*, No. 6:20-cv-2-PGB-GJK, 2021 WL 4948103, at *2 (M.D. Fla. Aug. 19, 2021).

      Here, the Court defers ruling on the admissibility of Mr. Page's aforementioned opinion at this time. The Court notes that although it appears that Mr. Page is not qualified to testify about the contents of the medical records since he is not a physician or any other type of medical expert, the parties did not provide Mr. Page's expert report, resume, or curriculum vitae to the Court to assess his qualifications. *See Bowers v. Norfolk S. Corp.*, 537 F. Supp. 2d 1343, 1376 (M.D. Ga. 2007) ("Rule 702 and *Daubert* still require that the area of the witness's competence match the subject matter of the witness's testimony."). Moreover, it is unclear whether experts in the same field as Mr. Page typically rely on such evidence to formulate similar opinions. *Stewart v. Hooters of Am., Inc.*, No. 8:04-cv-40-T-17, 2007 WL 1752873, at *1 (M.D. Fla. June 18, 2007) ("A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds.") (citation omitted). Accordingly, the record is not fully developed regarding Mr. Page's qualifications or the methodology

he used to formulate his opinion, and it would be premature to exclude this opinion at this time. *See id.* at *1 (denying motion in limine as premature and noting that "[e]videntiary issues are more appropriately addressed after the record has been more fully developed").

### 2. Limitation of Defendant's Expert's Opinion Concerning Causation

Next, Plaintiff seeks to preclude four of Mr. Page's opinions "that are premised on the grounds that there is no proof." (Dkt. 63 at 2–3.) Specifically, Plaintiff seeks to exclude the following opinions, contending that they "invade the province of the jury":

> There is no proof that the puddle of water that Mr. Staller testified was in front of the air handler was electrified on the day of the subject incident, or any other day.
>
> There is no proof that the conductors in the green junction box were electrically energized of the day of the incident.
>
> There is no proof that the blue pump was connected electrically to the green junction box on the day of the incident and that the water pump was not connected to electricity.
>
> There is no proof that the junction box 1 contained any electrically energized conductors in it on the day of the incident and no proof that Plaintiff could have received an electric shock from alleged protruding wires from the junction box.

(*Id.*) In response, Defendant contends that these opinions are a result of Mr. Page's review of the documents, depositions, and inspection of the area in question. (Dkt. 68 at 5.) At the hearing, however, the parties agreed that if Mr. Page can recharacterize these opinions to exclude the phrase, "there is no proof," the issue would be resolved.

Accordingly, Plaintiff's Motion in Limine is granted as to item 2 to the extent that the Mr. Page's opinions will be rephrased.

### 3. Limitation of Defendant's Witnesses Testimony Concerning Warning Notices

Finally, Plaintiff seeks to preclude Defendant from introducing "certain written Employee Warning Notices purportedly received by the Plaintiff from Lightning Air Services Inc." (Dkt. 63 at 3.) Specifically, Plaintiff seeks to exclude five notices, contending that they are irrelevant and prejudicial, that any probative value the notices have are substantially outweighed by a danger of unfair prejudice, and that Defendant's use of these notices constitutes improper character and habit evidence. (*Id.* at 3–4; Dkt. 64-1 at 1–5.) In response, Defendant contends that it "intends on using the prior warning notices from Plaintiff's employer which detail prior instances of poor performance to support its argument on comparative fault" in that these "notices show a pattern of Plaintiff performing substandard work or having poor performance at work." (Dkt. 68 at 6.)

At the hearing, Defendant asserted that it would not seek to introduce four notices that pertained to Plaintiff not showing up to work. Accordingly, this evidence is excluded. However, Defendant argued that the July 23, 2018 warning notice (Dkt. 64-1 at 3) goes to comparative fault, in that it demonstrates that Plaintiff had a history of performing work incorrectly. For the reasons that follow, the July 23, 2018 warning notice is not admissible.

Although Defendant contends that it would not use the notice to show evidence of habit, Defendant states that the notices "show a pattern of Plaintiff performing substandard work or having poor performance at work . . . ." (Dkt. 68 at 6.) As such, the Court finds that the July 23, 2018 notice is not admissible as a habit or routine under Federal Rule of Evidence 406 because the one warning notice does not cumulatively constitute evidence of habit or routine as required by the court in *Loughan v. Firestone Tire & Rubber Co.*, 749 F.2d 1519, 1524 (11th Cir. 1985). Therefore, the warning notice shall not be introduced into evidence, unless Plaintiff opens the door to its admissibility at trial. Moreover, the Court finds that the warning notice is not relevant and appears to be more unfairly prejudicial than probative under Federal Rule of Evidence 403.

## CONCLUSION

Accordingly, it is **ORDERED**:

1. Defendant's Motion in Limine (Dkt. 62) is **GRANTED in part** as stated herein.

2. Plaintiff's Motion in Limine (Dkt. 63) is **GRANTED in part** as stated herein.

3. The Court notes that it can always reconsider the exclusion of any evidence or testimony based upon the realities of trial. The parties may re-address the exclusion of evidence in this order during trial outside the presence of the

jury if they have a reasonable, good faith basis to do so based upon the testimony, evidence, or arguments presented at trial.

**DONE** and **ORDERED** in Tampa, Florida, on October 28, 2021.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record